## Hanford v. Hagler.

1. *Rules of Court—Advance Docket Fees.*—Under a rule of the Circuit Court providing that " whenever the appellant neglects to have the case docketed, the appellee may do so and obtain an order upon the appellant to pay the costs necessarily advanced, and upon failure to comply with the same, the appeal may be dismissed," it is error to require more than the fees fixed by law for costs necessarily advanced, for services performed, or to be performed, in the docketing of the case.

2. *Dismissal of Appeal for Non-compliance with the Rules of the Court.*—Under a rule of the Circuit Court, providing that whenever the appellant neglects to have the case docketed, the appellee may do so, and obtain an order upon the appellant to refund the costs necessarily advanced by him in so doing, *it was held,* that the rule covers only such costs as may be necessarily advanced. This necessity is not one which arises from the compulsion of the clerk, or from long continuing acquiescence of attorneys and their clients, or from the order of the court requiring the payment of illegal fees. It is necessary to advance none but legal fees. The appellant has the right to refuse to pay any fees except those legally chargeable, and his appeal can not be dismissed for such refusal.

Memorandum.—Appeal from the Circuit Court of Jackson County, the Hon. JOSEPH P. ROBARTS, Circuit Judge, presiding. Heard in this court at the February term, A. D. 1893. Opinion filed September 8, 1893.

The statement of facts is contained in the opinion of the court.

Wm. A. Schwartz, attorney for appellant.

Smith, McElvain & Herbert, attorneys for appellee.

Opinion of the Court, Scofield, J.

Hagler, the appellee, recovered a judgment against Hanford, the appellant, for $199.41 before a justice of the peace of Jackson County. From this judgment an appeal was taken to the Circuit Court by the filing of a bond with the justice on November 22, 1892. It seems that the case was docketed and set for trial prior to the commencement of the ensuing January term of the Circuit Court. However that may be, on Monday, the first day of the January term, the appellee obtained a rule on appellant " to repay docket fee of $2.35," by the following Wednesday morning. Such payment not having been made, the appeal was dismissed on Wednesday morning for non-compliance with the rule. According to the admission of appellee's brief, this was before the case was subject to be called for trial. On the Saturday following, being one of the days of the January term, appellant made his motion to set aside the order of dismissal, and filed in support thereof his own affidavit and that of his attorney. A counter-affidavit, made by the clerk, was filed on behalf of appellee. Thereupon the motion to set aside the order of dismissal was overruled, and an appeal was prayed for and perfected to this court. Appellant states in his affidavit that he has a meritorious defense to the whole of plaintiff's demand, except six or, at most, twelve dollars thereof; that several days before the commencement of the January term of the Circuit Court, his attorney, W. A. Schwartz, notified him that the case was docketed and set for trial; that he was at court ready for trial, and did not know that there was any demand against him for docket fees, and did not know until Saturday after the appeal had been dismissed, that a rule had been made requiring him to pay docket fees, or that the appeal had been dismissed for non-compliance with the rule.

Appellant offers in his affidavit to pay the docket fee, and avers that he would have paid it at once, had he been notified of the rule, and states that his affidavit is not made for delay, but that justice may be done.

W. A. Schwartz, in his affidavit states that he was attorney for Hanford in the case in question and that the case was regularly on the clerk's docket and set for trial several days prior to the commencement of the January term; that he was in " regular attendance " during the term and had no notice or intimation of the rule aforesaid or of the order dismissing the appeal until the Saturday following; that he had been waiting for the case to be called for trial and that if he had known of the making of the rule he would have caused the same to be complied with. The clerk's affidavit is as follows : " The docket fee in the above styled cause was paid by appellee, Izri Hagler, the appellant, Hanford, not having paid same—not having been notified to pay same by me." Certain rules of the Jackson Circuit Court are referred to by appellee as a justification of the action of that court in dismissing the appeal. These rules are as follows : " 1. All appeals perfected either before the lower court or clerk of this court ten days before the first day of the term, where service, when required by law, has been had upon appellee, or his appearance has been entered ten days before the first day of the term, shall stand for trial at such term; all other appeals shall stand continued generally unless tried by consent. 2. Whenever the appellant neglects to have the case docketed, the appellee may do so and obtain an order upon the appellant to pay the costs necessarily advanced; and upon a failure to comply with the same the appeal may be dismissed." It will be observed that the language of the rule covers only such costs as may be *necessarily advanced*. This necessity is not one which arises from the compulsion of the clerk, or from the long-continued acquiescence of attorneys and their clients, or from an order of court requiring the payment of illegal fees. It is necessary to advance none but legal fees.

The appellant has the right to refuse to pay any fees

Hanford v. Hagler.

except those legally chargeable, and his appeal could not be dismissed for such refusal. The record before us shows that the order was to "repay docket fee of $2.35." This language indicates some specific fee for the docketing of the case. Referring to the statutes, we find that in counties of the first class, which includes the county of Jackson, the fee for docketing a case is twenty cents. The total amount of the justice's fees, including fifty cents for the transcript, is but $1.75. If this be added to the twenty cents allowed for docketing the case, the amount is less than the sum specified in the order as "docket fee." Appellee's counsel virtually admit that the docket fee of $2.35 was exorbitant. Though they do not hesitate to speak *dehors* the record on other points, they do not attempt to justify this charge, even by going outside of the record. They say: "All we desire to say in reference to this point, is, that error can not be assigned on this matter, even if the fee is too much, because no holding of the Circuit Court was had on that point, on trial of this matter." Here counsel are in error. The fee being illegal, appellant was under no obligation to pay it. For failing to pay an illegal fee, without notice of the order requiring its payment, his appeal was dismissed before the day on which the case was set for trial. As soon as he learned of the action of the court, and at the same term, he made a motion to have the order of dismissal set aside, and even offered to pay the docket fee, that he might have a trial of the case on the merits. The court overruled the motion, and appellant excepted. The question is properly before us for our determination. We think the court erred in overruling the motion to set aside the order dismissing appellant's appeal.

The judgment will be reversed, and the cause remanded for further proceedings in conformity with this opinion.